Filed 9/9/25  P. v. Vaughan CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br>JESSE RAY VAUGHAN, SR.<br>　　　Defendant and Appellant. | A172668<br><br>(Napa County<br>Super. Ct. No. 21CR002464) |

　　　The owner of a large standing mirror being held at a storage facility reported it stolen, along with the approximately $30,000 to $40,000 worth of jewelry kept inside the mirror's jewelry storage.

　　　Jesse Ray Vaughan, Sr., and his son (Jesse Ray Vaughan, Jr.[1]) were captured on surveillance footage at the storage facility loading the mirror onto a truck.  The assistant manager recognized Vaughan and, at the request of the police, called Vaughan; Vaughan initially denied taking the mirror but agreed to return it after being told he was captured on video.  The mirror was returned but a significant amount of the jewelry stored in the mirror remained missing.  Subsequent investigation revealed that Vaughan's son

---

[1] For ease of comprehension, and meaning no disrespect, we refer to appellant as Vaughan, and Jesse Ray Vaughan, Jr., as Vaughan's son, throughout this opinion.

1

had sold or pawned numerous pieces of the jewelry to secondhand jewelry stores, only some of which were recovered.

In August 2023, the Napa County District Attorney filed an amended information charging Vaughan and his son with grand theft (Pen. Code,[2] § 487, subd. (a)).[3]  The amended information further alleged Vaughan had a prior strike conviction (§ 667, subds. (b)–(i)).

On November 9, 2023, having waived his rights and as part of a negotiated plea, Vaughan pled no contest to the grand theft charge in exchange for dismissal of the prior strike allegation and an agreement that he serve two years of formal probation and pay restitution.

On July 5, 2024, in accordance with the negotiated plea, the trial court suspended imposition of sentence and placed Vaughan on two years of formal probation.  Among other conditions of probation, Vaughan was ordered to serve 150 days in jail; the court awarded 14 days of actual custody credit and 14 days of conduct credit.  The court imposed a $300 restitution fine, a $40 court operations assessment, and a $30 court facilities assessment, and reserved victim restitution.

A contested restitution hearing took place on February 13, 2025.  Prior to the hearing, the prosecution submitted a brief requesting $34,350 in restitution to be paid to the victim, supported by exhibits indicating that was the value of the jewelry never returned to the victim.  At the hearing, the trial court stated it had read the prosecution's brief and found the amount requested to be appropriate, shifting the burden of proof to the defense. Defense counsel did not contest the value of the stolen jewelry, but argued

---

[2] All further statutory references are to the Penal Code.
[3] The amended information also charged Vaughan's son (but not Vaughan) with one count of receiving stolen property (§ 496, subd. (a)).

Vaughan should not be held liable for restitution because Vaughan's son was the only one who had sold or pawned the stolen jewelry. The court found the prosecution's evidence compelling and unrebutted. It ordered victim restitution in the amount of $34,350, plus interest, for which Vaughan and his son were found jointly and severally liable.

On February 19, 2025, Vaughan filed a notice of appeal, checking the box on the Judicial Council form that the appeal was based on "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

Counsel for Vaughan has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. The brief includes counsel's declaration stating that counsel informed Vaughan that a *Wende* brief would be filed on his behalf, and that counsel apprised Vaughan of his right to file a supplemental brief within 30 days. The proof of service accompanying the brief shows counsel served Vaughan a copy of the brief. More than 30 days have now elapsed, and Vaughan has not filed a supplemental brief.

Having independently reviewed the record, we find no reasonably arguable appellate issue. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

The judgment is affirmed.

3

PETROU, J.

WE CONCUR:

TUCHER, P. J.

FUJISAKI, J.

A172668 / *People v. Vaughan*